Scott L. Braum (*pro hac vice* to be submitted)
*Email*: slb@braumlaw.com
Timothy R. Rudd (*pro hac vice* to be submitted)
*Email*: trr@braumlaw.com
SCOTT L. BRAUM & ASSOCIATES, LTD.
812 East Franklin Street, Suite C
Dayton, Ohio 45459
*Telephone*: (937) 396-0089
*Facsimile*: (937) 396-1046

Michael J. Zomcik (Texas Bar 22285050)
        Federal I.D. 09223
*Email:* mzomcik@bzlawyers.com
BRANISA & ZOMCIK, P.C. – *Of Counsel*
1800 Augusta Dr., Suite 212
Houston, Texas 77057
Telephone:  (713) 622-1199
Facsimile:  (713) 622-1299

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS AT GALVESTON

| | | |
|---|---|---|
| FAIRMONT CASH MGMT., LLC d/b/a | ) | |
| CASH COW PAWN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| Tanarra James | ) | Magistrate Judge:_____ |
| Director of Industry Operations | ) | |
| Bureau of Alcohol Tobacco | ) | **VERIFIED PETITION FOR** |
| Firearms and Explosives, | ) | **JUDICIAL REVIEW** |
| | ) | |
| Respondent. | ) | |

## PETITION FOR JUDICIAL REVIEW

Now comes the Petitioner, Fairmont Cash Mgmt., LLC d/b/a Cash Cow Pawn

("Cash Cow"), by and through counsel, and for its Petition for Judicial Review of

Respondent's March 26, 2015 Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License, states as follows:

1.     This is a petition for *de novo* judicial review of the revocation of a federal license as a dealer, including pawnbroker, in firearms other than destructive devices, and this action is being timely brought pursuant to 18 U.S.C. 923(f)(3) and its related regulations.

## PARTIES

2.     Fairmont Cash Mgmt, LLC is a limited liability company doing business under the trade name Cash Cow Pawn with its principal place of business in Alvin, Texas. Cash Cow has been for many years a federally licensed firearms dealer who engaged in the business of firearm pawns and sales.

3.     Respondent, Tanarra James ("DIO James") is the Director of Industry Operations of the Houston Field Division of the Bureau of Alcohol Tobacco Firearms and Explosives ("ATF").  Cash Cow operates its business within the jurisdiction of the Houston Field Division and DIO James.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331, as it arises under the Constitution and laws of the United States, specifically 18 U.S.C. 923(f)(3), *et seq,* and its related regulations.

5.     Venue is proper in the Southern District of Texas, as Cash Cow's principal place of business is located within the district in Alvin, Texas.

## FACTS

6.      A Notice to Revoke or Suspend License and/or Impose a Civil Fine dated October 28, 2014 was sent by ATF notifying Cash Cow that its federal firearms license as a dealer, pawnbroker, in firearms ("FFL") was being revoked.

7.      Cash Cow timely requested an administrative hearing with respect to the revocation of its FFL pursuant to 18 U.S.C. 923(f)(2), and a hearing was held in Houston, Texas on February 3, 2015.

8.      Cash Cow received a Final Notice of Revocation of Firearms License from DIO James (the "Final Notice"), issued March 26, 2015.  The Final Notice revoked Cash Cow's FFL effective at midnight on April 14, 2015.

9.      The Final Notice sets forth certain purported findings of fact and conclusions of law regarding DIO James' revocation of Cash Cow's FFL with respect to, among other things, alleged violations of the Gun Control Act and whether such alleged violations were committed by Cash Cow willfully.

## COUNT I
### Transfer In Violation Of Law

10.      Paragraphs 1-9 are incorporated as if restated in full herein.

11.      In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 922(d)(1), (5) and 27 C.F.R. 478.99(c)(1), (5) on approximately three occasions by selling or delivering a firearm to a person the licensee knew or had reasonable cause to believe was subject to federal firearms disabilities.

12.      Cash Cow did not willfully violate 18 U.S.C. 922(d)(1), (5) and 27 C.F.R. 478.99(c)(1), (5), because to the extent that any violations occurred, they were

inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and any such violation was the result of a rogue employee acting outside of the scope of his employment and who has been terminated and is being criminally prosecuted.

## COUNT II
### Multiple Semiautomatic Rifle Sales

14.    Paragraphs 1-9 are incorporated as if restated in full herein.

15.    In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 923(G)(5)(A) and 27 C.F.R. 478.126 on approximately one occasion by failing to timely and accurately report the sale or other disposition of two or more semiautomatic rifles.

16.    Cash Cow did not willfully violate 18 U.S.C. 923(g)(5)(A) or 27 C.F.R. 478.126, because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and the overwhelming majority of such transfers were in full compliance with the law.

## COUNT III
### Multiple Handgun Sales

17.    Paragraphs 1-9 are incorporated as if restated in full herein.

18.    In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 923(G)(3)(A) and 27 C.F.R. 478.126(a) on approximately twelve occasions by

failing to timely and accurately report the sale or other disposition of two or more handguns to an unlicensed person.

19.     Cash Cow did not willfully violate 18 U.S.C. 923(g)(3)(A) or 27 C.F.R. 478.126(a), because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and the overwhelming majority of such transfers were in full compliance with the law.

**COUNT IV**
**A&D Record**

20.     Paragraphs 1-9 are incorporated as if restated in full herein.

21.     In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 923(G)(1)(A) and 27 C.F.R. 478.125(e) on approximately seven occasions by failing to timely and accurately record the disposition of firearms.

22.     Cash Cow did not willfully violate 18 U.S.C. 923(g)(1)(A) or 27 C.F.R. 478.125(e), because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and any such violation was the result of a rogue employee acting outside of the scope of his employment and who has been terminated and is being criminally prosecuted.

## COUNT V
### Transfer to Unlicensed Person

23.     Paragraphs 1-9 are incorporated as if restated in full herein.

24.     In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 922(t) and 27 C.F.R. 478.125e on approximately one occasion by transferring a firearm to an unlicensed person.

25.     Cash Cow did not willfully violate 18 U.S.C. 922(t) or 27 C.F.R. 478.125e, because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and any such violation was the result of a rogue employee acting outside of the scope of his employment and who has been terminated and is being criminally prosecuted.

## COUNT VI
### Transfer to Unlicensed Person

26.     Paragraphs 1-9 are incorporated as if restated in full herein.

27.     In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 922(t) and 27 C.F.R. 478.102(a) on approximately two occasions by willfully transferring a firearm to an unlicensed person.

28.     Cash Cow did not willfully violate 18 U.S.C. 922(t) or 27 C.F.R. 478.102(a), because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and any such violation was the result of a rogue employee acting outside of

6

the scope of his employment and who has been terminated and is being criminally prosecuted.

## COUNT VII
### False Statement

29.    Paragraphs 1-9 are incorporated as if restated in full herein.

30.    In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 922(m) and 27 C.F.R. 478.128(c) by making a false statement or representation with respect to any information required by the provisions of Title 18, United States Code, Chapter 44 or Title 27, Code of Federal Regulations, Part 478.

31.    Cash Cow did not willfully violate 18 U.S.C. 922(m) or 27 C.F.R. 478.128(c), because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and any such violation was the result of a rogue employee acting outside of the scope of his employment and who has been terminated and is being criminally prosecuted.

## COUNT VIII
### ATF Form 4473

32.    Paragraphs 1-9 are incorporated as if restated in full herein.

33.    In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 923(g)(1)(A) and 27 C.F.R. 478.124(a)(1) on approximately one occasion by selling or otherwise disposing of a firearm to an unlicensed person without recording the transaction on a firearms transaction record, ATF Form 4473.

34.     Cash Cow did not willfully violate 18 U.S.C. 923(g)(1)(A) or 27 C.F.R. 478.124(a)(1), because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and any such violation was the result of a rogue employee acting outside of the scope of his employment and who has been terminated and is being criminally prosecuted.

### COUNT IX
### ATF Form 4473

35.     Paragraphs 1-9 are incorporated as if restated in full herein.

36.     In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 923(m) and 27 C.F.R. 478.21(a) on approximately four occasions by failing to obtain/execute ATF Form 4473 as indicted by the headings on the form and the instructions on or pertaining to the form.

37.     Cash Cow did not willfully violate 18 U.S.C. 923(m) or 27 C.F.R. 478.21(a), because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and the overwhelming majority of such transfers were in full compliance with the law.

### COUNT X
### ATF Form 4473

38.     Paragraphs 1-9 are incorporated as if restated in full herein.

39.     In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 923(g)(1)(A) and 27 C.F.R. 478.124(c)(1) on approximately sixteen occasions by failing to obtain an ATF Form 4473 from the transferee prior to making an over-the-counter transfer of a firearm to a nonlicensee.

40.     Cash Cow did not willfully violate 18 U.S.C. 923(g)(1)(A) or 27 C.F.R. 478.124(c)(1), because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and the overwhelming majority of such transfers were in full compliance with the law.

## COUNT XI
### Identification

41.     Paragraphs 1-9 are incorporated as if restated in full herein.

42.     In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 923(g)(1)(A) and 27 C.F.R. 478.124(c)(3)(i) on approximately ten occasions by transferring a firearm without verifying the identification document presented and noting on the ATF Form 4473 the type of identification.

43.     Cash Cow did not willfully violate 18 U.S.C. 923(g)(1)(A) or 27 C.F.R. 478.124(c)(3)(i), because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and the overwhelming majority of such transfers were in full compliance with the law.

## COUNT XII
### NICS

44.     Paragraphs 1-9 are incorporated as if restated in full herein.

45.     In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 923(g)(1)(A) and 27 C.F.R. 478.124(c)(3)(iv) on approximately fourteen occasions by transferring a firearm to a licensee without recording required NICS information on the ATF Form 4473.

46.     Cash Cow did not willfully violate 18 U.S.C. 923(g)(1)(A) or 27 C.F.R. 478.124(c)(3)(iv), because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and the overwhelming majority of such transfers were in full compliance with the law.

## COUNT XIII
### ATF Form 4473

47.     Paragraphs 1-9 are incorporated as if restated in full herein.

48.     In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 923(g)(1)(A) and 27 C.F.R. 478.124(c)(4) on approximately three occasions by failing to identify the firearm to be transferred on ATF Form 4473.

49.     Cash Cow did not willfully violate 18 U.S.C. 923(g)(1)(A) or 27 C.F.R. 478.124(c)(4), because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such

violations, and the overwhelming majority of such transfers were in full compliance with the law.

## COUNT XIV
### Failure to Sign

50.     Paragraphs 1-9 are incorporated as if restated in full herein.

51.     In the Final Notice, DIO James found that Cash Cow willfully violated 18 U.S.C. 923(g)(1)(A) and 27 C.F.R. 478.124(c)(5) on approximately three occasions by failing to sign and date ATF Form 4473.

52.     Cash Cow did not willfully violate 18 U.S.C. 923(g)(1)(A) and 27 C.F.R. 478.124(c)(5), because to the extent that any violations occurred, they were inadvertent, not intentional, and did not occur in deliberate disregard for and/or in plain indifference to a known legal obligation. Moreover, Cash Cow has procedures in place to avoid such violations, and the overwhelming majority of such transfers were in full compliance with the law.

## COUNT XV
### Equal Access to Justice Act

53.     Paragraphs 1-9 are incorporated as if restated in full herein.

54.     Under 28 U.S. Code § 2412, Cash Cow seeks recovery of reasonable costs and attorney fees associated with bringing this action.

## COUNT XVI
### Injunctive Relief

55.     Paragraphs 1-9 are incorporated as if restated in full herein.

56.     Cash Cow is entitled to injunctive relief in the form of a temporary restraining order and preliminary injunction.

57.     Respondent's enforcement of the revocation of Cash's Cow FFL, absent injunctive relief, will result in immediate and irreparable injury to the business to the extent that.  Specifically, Cash Cow's operations will be damaged such that whether it has an FFL at that point simply will not matter and success on the merits of this case will be a Pyrrhic victory.

58.     The issuance of requested injunctive relief will not cause undue harm, substantial inconvenience or loss to Respondent, and on balance, whatever inconvenience that may be caused to Respondent is substantially less than the actual injury to Cash Cow.

59.     The public will not be adversely affected by the issuance of a TRO and preliminary injunction, and in fact, the public's interest will be protected by such; and

60.     Cash Cow can demonstrate a probability of success on the merits, or alternatively, serious questions going to the merits, such that the balance of hardship sharply favors the protection of its interests by the issuance of a TRO and ultimately a preliminary injunction.

WHEREFORE, Cash Cow respectfully requests that this Honorable Court enter judgment in its favor and against DIO James, declare that sufficient grounds for revoking Cash Cow's FFL do not exist, order that the Final Notice is rescinded and that Cash Cow's FFL is reinstated, award costs and reasonable attorney fees, and award any further relief deemed just and appropriate.

12

DATED: April 10, 2015                Respectfully submitted,

 

 

Michael J. Zomcik (Texas Bar 22285050)
    Federal I.D. 09223
*Email:* mzomcik@bzlawyers.com
BRANISA & ZOMCIK, P.C. – *Of Counsel*
1800 Augusta Dr., Suite 212
Houston, Texas 77057
Telephone:  (713) 622-1199
Facsimile:  (713) 622-1299

Scott L. Braum (*pro hac vice* to be submitted)
*Email:* slb@braumlaw.com
Timothy R. Rudd (*pro hac vice* to be submitted)
*Email:* trr@braumlaw.com
SCOTT L. BRAUM & ASSOCIATES, LTD.
812 East Franklin Street, Suite C
Dayton, Ohio 45459
*Telephone*: (937) 396-0089
*Facsimile*: (937) 396-1046

Attorneys for Petitioner

S:\Clients 335 FFLG - Clients\A to H\Cash Cow Pawn 335-9440\Petition for Judicial Review.doc

13

## VERIFICATION

I, Derek Munz, verify under the pains and penalties of perjury that I am personally aware of the facts regarding this matter, and that the facts set forth in the foregoing Verified Petition for Judicial Review are true and correct to the best of my knowledge, information, and belief.

_____
Derek Munz, Owner
Fairmont Cash Mgmt., LLC d/b/a Cash Cow Pawn

State of Texas           )
                         )          ss:
County of Brazoria       )

Signed and sworn to before me by Derek Munz on this 10th day of April, 2015.

DONNA BARNARD
My Commission Expires
June 30, 2015

_____
Notary Public

14